Daniel E. Doherty
DE Doherty Law Office, LLC
7300 W. 110th Street, Suite 930
Overland Park, KS 66210
**Phone:** 913-338-7182
**Fax:** 913-369-7157
**Email:** ded@ddoherty.net
**Bar:** DD–2145

James A. Hunter
Law Office of James A. Hunter
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428
**Phone:** 484-437-5935
**Fax:** 646-462-3356
**Email:** hunter@hunterkmiec.com
**Bar:** JH-1910

*Attorneys for Plaintiffs*

# United States District Court
## for the
## Southern District of New York

| | |
|---|---|
| Revive Investing, LLC<br>Calenture, LLC<br>　　　*Plaintiffs*<br><br>　　v.<br><br>George Raymond Zage III<br>　　*Defendant*<br>　and<br><br>Grindr Inc.<br>　　*Nominal Defendant* | 23-cv-9956<br><br>Complaint for Recovery of Short-Swing Profits Under 15 U.S.C. § 78p(b) |

### Complaint for Recovery of Short-Swing Profits Under 15 U.S.C. § 78p(b)

Revive Investing, LLC ("Revive") and Calenture, LLC ("Calenture", and together with Revive, "Plaintiffs"), by and through their attorneys, bring this Complaint under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. § 78p(b), against  George Raymond Zage III  ("Zage" or "Defendant"), and Grindr Inc. ("Grindr" or "Nominal Defendant").

Plaintiffs are stockholders of Grindr and respectfully allege the following on information and belief, except as to paragraphs 1 and 2, which Plaintiffs allege on personal knowledge.

THE PARTIES

**1.**     Plaintiff Revive Investing, LLC is a limited liability company formed under the laws of the State of Texas with a principal place of business located in Brock, Texas, and a stockholder of Grindr.

**2.**     Plaintiff Calenture is a New York limited liability company formed under the laws of the State of New York, with a principal place of business located in New York, New York, and a stockholder of Grindr.

**3.**     Nominal Defendant Grindr is a Delaware corporation headquartered in West Hollywood, California, is the issuer of the securities that are the subject matter of this suit, and is the real party in interest with respect to the Plaintiffs' claims. Grindr is included as a nominal defendant solely for the purpose of having all relevant parties before the court. Grindr can be served through its registered agent at:

> Corporation Service Company
> 251 Little Falls Drive
> Wilmington, DE 19808

**4.**     Defendant Zage is an individual residing in Singapore, and is the 100% owner of Tiga Investments Pte. Ltd. ("Tiga"), which is in turn the 100% owner of Tiga SVH Investments Ltd. ("SVH", and together with Zage and Tiga, the "Zage Group").

JURISDICTION AND VENUE

**5.**     Because this action arises under Exchange Act Section 16(b), 15 U.S.C. § 78p(b), this court has exclusive subject matter jurisdiction without regard to the amount in controversy or the parties' citizenship under Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

**6.**     This court is a proper venue for this action pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, because the actions that constitute the violations occurred, at least in part, within the district.

STATUTORY PREREQUISITES

**7.**    The short-swing trades described herein involve non-exempt transactions in non-exempt securities by non-exempt persons within the meaning of Section 16(b) of the Exchange Act.

**8.**    Plaintiff Calenture made demand on Grindr for prosecution of these claims in a letter dated September 19, 2023.

**9.**    Plaintiff Revive made demand on Grindr for prosecution of these claims in a letter dated September 19, 2023.

**10.**    Grindr responded to both demand letters denying that the transactions described hereafter resulted in any short-swing liability for Zage.

**11.**    As of the date of this Complaint, Grindr has failed to reply to follow-up correspondence by Plaintiffs' counsel, and accordingly, Plaintiffs consider any further attempt to persuade Grindr to enforce Section 16(b) with respect to the transactions described hereafter to be futile.

**12.**    Plaintiffs are shareholders of Grindr and, as such, have a statutory right to bring this action to recover short-swing profits on behalf of Grindr pursuant to Section 16(b) of the Exchange Act, 15 U.S.C. § 78p(b).

FACTS COMMON TO ALL COUNTS

**13.**    This complaint alleges insider trading by Zage through transactions in the equity securities of Grindr entered into between August 21, 2023, and September 15, 2023, the details of which are set forth below.  Unless otherwise stated, the phrase "all times relevant to this action" in this Complaint refers to the period between and including those dates.

**14.**    At all times relevant to this action, the common stock of Grindr (the "Common Stock") was traded on the New York Stock Exchange.

**15.**     At all times relevant to this action, the Common Stock was traded under the symbol "GRND."

**16.**     At all times relevant to this action, the Common Stock was registered pursuant to Section 12 of the Exchange Act.

**17.**     At all times relevant to this action, the Common Stock was a class of Grindr's equity securities.

**18.**     At all times relevant to this action, Zage served as a director of Grindr and, together with Tiga and SVH, owned more than 10% of the outstanding stock of Grindr.

Transactions by Zage

**19.**     On August 25, 2023, Zage filed a Form 4 accurately reporting transactions in the equity securities of Grindr, a copy of which is attached at Exhibit A.

**20.**     On September 6, 2023, Zage filed a Form 4 accurately reporting transactions in the equity securities of Grindr, a copy of which is attached at Exhibit B.

**21.**     On September 19, 2023, Zage filed a Form 4 accurately reporting transactions in the equity securities of Grindr, a copy of which is attached at Exhibit C.

**22.**     One of the transactions Zage reported on his September 19, 2023, Form 4 was a sale (the "Warrant Sale") by SVH of Warrants to purchase 1,800,320 shares of Common Stock at a price per share of $11.50 (the "Warrants").

**23.**     Because SVH is owned 100% by Zage through Tiga, Zage is considered the beneficial owner of the Warrants for purposes of Section 16(b).

**24.**     The Warrants gave Zage, through SVH, the right to acquire shares of Common Stock at a fixed price.

**25.**     The Warrants increase in value as the Common Stock increases in value.

**26.**     The Warrants therefore represented a "call equivalent" position in Grindr's Common Stock.  17 C.F.R. § 240.16a-1(b).

**27.**     The Warrant Sale represented a decrease in Zage's call equivalent position.

**28.**    As a decrease in his call equivalent position, the Warrant Sale is treated, for purposes of Section 16(b), as a sale of the underlying Common Stock.  17 C.F.R. § 240.16b-6(a).

**29.**    For purposes of computing profit, the sale described in paragraph 28 is treated as having occurred at the price of the underlying Common Stock on the date of the sale. 17 C.F.R. § 240.16b-6(c)(2).

**30.**    The closing price of the Common Stock on September 15, 2023, the date of of the Warrant Sale was $6.34 per share.

**31.**    Exhibit D accurately summarizes the transactions reported on the foregoing Forms 4.

SHORT-SWING TRADING

**32.**    At all relevant times, Zage was a director and more-than-10% owner of Grindr and an insider of Grindr with a status akin to that of a fiduciary.

**33.**    By virtue of Section 16(b) of the Exchange Act, Zage, as director and major shareholder, owed a duty to Grindr not to benefit from his insider position by purchasing and selling Grindr's equity securities within any period of less than six months and is accountable to Grindr for any profit realized through the foregoing transactions, plus interest and costs.

**34.**    Zage's purchase and sale of Common Stock and Warrants, specifically selling the Warrants less than six months after buying Common Stock, was improper under Section 16(b) and inconsistent with his insider duties, and as such any profit constitutes an unjust enrichment that must be paid to Grindr under Section 16(b).

**35.**    The duty Zage breached in violation of Section 16(b) of the Exchange Act was adapted by Congress from the common law of trusts, which for centuries has required a fiduciary to account for and pay over to the trust as an unjust enrichment any profit realized from dealing in the assets committed to him.

**36.** The common law duty and federalized duty of Section 16(b) are alike in recognizing the fiduciary's (or insider's) superior knowledge of and control over the assets in his charge, and the harm that would result if he disloyally used this superior knowledge and control to profit from the assets at the expense of the assets' beneficiaries.

**37.** The transactions from which Zage realized his profit actually harmed both Grindr and its stockholders.

**38.** Zage realized a profit from the transactions alleged herein. For each share of Common Stock purchased, a corresponding sale of Warrants was made at a higher price within a period of less than six months. For the purpose of calculating the profits realized by virtue of the short-swing trades, the Securities and Exchange Commission (the "SEC") endorses the "lowest-in, highest-out" approach:

> Profit is computed by matching the highest sale price with the lowest purchase price within six months, the next highest sale price with the next lowest purchase price within six months, and so on, until all shares have been included in the computation.

SEC Release No. 34-18114 n. 102 (1984).

**39.** Using the lowest-in, highest-out method, Zage has realized illicit profits in the amount of at least $212,650.00, as a result of the short-swing trading activity alleged herein.

**40.** The precise amount of short-swing profit is unknown and should be determined on an accounting. A calculation of the estimated profit is attached as Exhibit E.

## Count I
### Section 16(b)

**41.** Plaintiffs incorporate by reference all allegations of the previous paragraphs as if fully stated herein.

**42.** As a result of these transactions Grindr is entitled to all profits realized by Zage resulting from short-swing trading during all periods not barred by the relevant statute of limitations in an amount of at least $212,650.00.

**43.**    Grindr is entitled to interest on the profits thereby realized by Zage calculated from the date the profits were realized.

WHEREFORE, Plaintiffs demand judgment against Zage as follows:

(a) For recovery from Zage of all profits resulting from his short-swing trades in Grindr equity securities in violation of Section 16(b) of the Exchange Act during all periods not barred by the statute of limitations in an amount of at least $212,650.00, the precise amount to be determined through discovery and an accounting;

(b) For interest on the amount of profits recovered, calculated from the time Zage realized the profits;

(c) For their reasonable attorney's fees;

(d) For their costs; and

(e) For such other and further relief as the Court deems just.


COUNT II
ACCOUNTING

**44.**    Plaintiffs incorporate by reference all allegations of paragraphs 1 through 40 above as if fully stated herein.

**45.**    Plaintiffs, in order to fully evaluate their claim, require an accounting from Zage of all transactions in the equity securities of Grindr by him from the date two years preceding the filing of this action to the present.

WHEREFORE, Plaintiffs demand an accounting from Zage with respect to his transactions in the equity securities of Grindr.

Demand for Jury Trial

Plaintiffs respectfully demand a trial by jury on all questions so triable.


Dated: November 10, 2023

Respectfully submitted,


/s/ James A. Hunter
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
James A. Hunter
Law Office of James A. Hunter
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428
**Phone:** 484-437-5935
**Fax:** 646-462-3356
**Email:** hunter@hunterkmiec.com
**Bar:** JH-1910
 *Attorney for Plaintiffs, Revive
Investing, LLC and Calenture, LLC*

/s/ Daniel E. Doherty
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Daniel E. Doherty
DE Doherty Law Office, LLC
7300 W. 110th Street, Suite 930
Overland Park, KS 66210
**Phone:** 913-338-7182
**Fax:** 913-369-7157
**Email:** ded@ddoherty.net
**Bar:** DD–2145
 *Attorney for Plaintiffs, Revive
Investing, LLC and Calenture, LLC*

Exhibit A

**Zage Form 4 filed 2023-08-25**

SEC Form 4

**FORM 4**

Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. *See* Instruction 1(b).

Check this box to indicate that a transaction was made pursuant to a contract, instruction or written plan for the purchase or sale of equity securities of the issuer that is intended to satisfy the affirmative defense conditions of Rule 10b5-1(c). See Instruction 10.

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**

Washington, D.C. 20549

**STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP**

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934 or Section 30(h) of the Investment Company Act of 1940

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0287 |
| Estimated average burden hours per response: | 0.5 |

| 1. Name and Address of Reporting Person [*] | 2. Issuer Name **and** Ticker or Trading Symbol | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable) |
|---|---|---|
| Zage George Raymond III | Grindr Inc. [ GRND ] | X Director   X 10% Owner |
| (Last)      (First)      (Middle) | 3. Date of Earliest Transaction (Month/Day/Year)<br>08/21/2023 | ☐ Officer (give title below)   ☐ Other (specify below) |
| C/O GRINDR INC.<br>750 N. SAN VICENTE BLVD. STE RE1400 | 4. If Amendment, Date of Original Filed (Month/Day/Year) | 6. Individual or Joint/Group Filing (Check Applicable Line) |
| (Street)<br>WEST HOLLYWOOD   CA   90069 | | X Form filed by One Reporting Person<br>☐ Form filed by More than One Reporting Person |
| (City)   (State)   (Zip) | | |

**Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned**

| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Common Stock, par value $0.0001 per share | 08/21/2023[1] | | P | | 30,000 | A | $5.22 | 5,390,000 | D | |
| Common Stock, par value $0.0001 per share | 08/22/2023[1] | | P | | 30,000 | A | $5.43 | 5,420,000 | D | |
| Common Stock, par value $0.0001 per share | 08/23/2023 | | P | | 30,000 | A | $5.45 | 5,450,000 | D | |
| Common Stock, par value $0.0001 per share | 08/24/2023 | | P | | 10,000 | A | $5.5 | 5,460,000 | D | |
| Common Stock, par value $0.0001 per share | | | | | | | | 72,942,286 | I | By Corporation[2] |

**Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned**
**(e.g., puts, calls, warrants, options, convertible securities)**

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (Month/Day/Year) | 3A. Deemed Execution Date, if any (Month/Day/Year) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | 6. Date Exercisable and Expiration Date (Month/Day/Year) | | 7. Title and Amount of Securities Underlying Derivative Security (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |

**Explanation of Responses:**

1. This transaction is being filed late due to inadvertent administrative error.

2. As described in the Issuer's proxy statement (Registration No. 333-264902) ("Proxy"), Issuer's Common Stock were issued to San Vicente Holdings LLC ("SVH"), in exchange for LG Series X ordinary units indirectly held by SVH. The Reporting Person indirectly had a 43% non-voting, economic only interest in LG through Tiga SVH Investments Ltd. ("TSVH"), which held a 54.1% non-voting, economic only interest in SVH. Tiga Investments Pte. Ltd. ("TI") is the sole equityholder of Tiga SVH and exercises ultimate voting and investment power of the shares held by TSVH. The Reporting Person is the sole equityholder of TI and exercises ultimate voting and investment power of the shares held by TI. The Reporting Person disclaims beneficial ownership of these shares except to the extent of his pecuniary interest therein. The inclusion of these shares in this report shall not be deemed an admission of beneficial ownership of all of the reported shares for purposes of Section 16 or for any other purpose.

**Remarks:**

| | |
|---|---|
| /s/ William Shafton, Attorney-in-fact | 08/25/2025 |
| ** Signature of Reporting Person | Date |

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.

* If the form is filed by more than one reporting person, *see* Instruction 4 (b)(v).

** Intentional misstatements or omissions of facts constitute Federal Criminal Violations *See* 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, *see* Instruction 6 for procedure.

**Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.**

Exhibit B

**Zage Form 4 filed 2023-09-06**

SEC Form 4

## FORM 4

| | |
|---|---|
| | **OMB APPROVAL** |
| | OMB Number: 3235-0287 |
| | Estimated average burden |
| | hours per response: 0.5 |

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**
Washington, D.C. 20549

Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. *See* Instruction 1(b).

Check this box to indicate that a transaction was made pursuant to a contract, instruction or written plan for the purchase or sale of equity securities of the issuer that is intended to satisfy the affirmative defense conditions of Rule 10b5-1(c). See Instruction 10.

## STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934
or Section 30(h) of the Investment Company Act of 1940

| 1. Name and Address of Reporting Person * <br> Zage George Raymond III | 2. Issuer Name and Ticker or Trading Symbol <br> Grindr Inc. [ GRND ] | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable) |
|---|---|---|
| | | X   Director      10% Owner |
| | 3. Date of Earliest Transaction (Month/Day/Year) <br> 08/31/2023 | Officer (give title below)      Other (specify below) |
| (Last)      (First)      (Middle) <br> C/O GRINDR INC. <br> 750 N. SAN VICENTE BLVD. STE RE1400 | 4. If Amendment, Date of Original Filed (Month/Day/Year) | 6. Individual or Joint/Group Filing (Check Applicable Line) |
| (Street) | | X   Form filed by One Reporting Person |
| WEST HOLLYWOOD   CA   90069 | | Form filed by More than One Reporting Person |
| (City)      (State)      (Zip) | | |

### Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned

| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Common Stock, par value $0.0001 per share | 08/31/2023[1] | | P | | 30,000 | A | $5.17 | 5,490,000 | D | |
| Common Stock, par value $0.0001 per share | 09/01/2023 | | P | | 35,000 | A | $5.14 | 5,525,000 | D | |
| Common Stock, par value $0.0001 per share | 09/05/2023 | | P | | 35,000 | A | $5.21 | 5,560,000 | D | |
| Common Stock, par value $0.0001 per share | | | | | | | | 72,942,286 | I | By Corporation[2] |

### Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned
### (e.g., puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (Month/Day/Year) | 3A. Deemed Execution Date, if any (Month/Day/Year) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | 6. Date Exercisable and Expiration Date (Month/Day/Year) | | 7. Title and Amount of Securities Underlying Derivative Security (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |

**Explanation of Responses:**

1. This transaction is being filed late due to inadvertent administrative error.

2. As described in the Issuer's proxy statement (Registration No. 333-264902) ("Proxy"), Issuer's Common Stock were issued to San Vicente Holdings LLC ("SVH"), in exchange for LG Series X ordinary units indirectly held by SVH. The Reporting Person indirectly had a 43% non-voting, economic only interest in LG through Tiga SVH Investments Ltd. ("TSVH"), which held a 54.1% non-voting, economic only interest in SVH. Tiga Investments Pte. Ltd. ("TI") is the sole equityholder of Tiga SVH and exercises ultimate voting and investment power of the shares held by TSVH. The Reporting Person is the sole equityholder of TI and exercises ultimate voting and investment power of the shares held by TI. The Reporting Person disclaims beneficial ownership of these shares except to the extent of his pecuniary interest therein. The inclusion of these shares in this report shall not be deemed an admission of beneficial ownership of all of the reported shares for purposes of Section 16 or for any other purpose.

**Remarks:**

/s/ William Shafton, Attorney-in-fact    09/06/2023

** Signature of Reporting Person      Date

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.

* If the form is filed by more than one reporting person, *see* Instruction 4 (b)(v).

** Intentional misstatements or omissions of facts constitute Federal Criminal Violations *See* 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, *see* Instruction 6 for procedure.

**Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.**

Exhibit C

**Zage Form 4 filed 2023-09-19**

SEC Form 4

**FORM 4**

UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

**STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP**

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934
or Section 30(h) of the Investment Company Act of 1940

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0287 |
| Estimated average burden | |
| hours per response: | 0.5 |

☐ Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. *See* Instruction 1(b).

☐ Check this box to indicate that a transaction was made pursuant to a contract, instruction or written plan for the purchase or sale of equity securities of the issuer that is intended to satisfy the affirmative defense conditions of Rule 10b5-1(c). See Instruction 10.

| 1. Name and Address of Reporting Person* Zage George Raymond III | 2. Issuer Name **and** Ticker or Trading Symbol Grindr Inc. [ GRND ] | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable) |
|---|---|---|
| (Last)   (First)   (Middle) C/O GRINDR INC. 750 N. SAN VICENTE BLVD. STE RE1400 | 3. Date of Earliest Transaction (Month/Day/Year) 09/15/2023 | X Director   X 10% Owner   Officer (give title below)   Other (specify below) |
| (Street) WEST HOLLYWOOD   CA   90069 (City)   (State)   (Zip) | 4. If Amendment, Date of Original Filed (Month/Day/Year) | 6. Individual or Joint/Group Filing (Check Applicable Line) X Form filed by One Reporting Person   Form filed by More than One Reporting Person |

**Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned**

| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Common Stock, par value $0.0001 per share | 09/15/2023 | | S | | 663,480 | D | $0.63 | 72,278,806 | I | By Tiga SVH Investments Ltd.[1] |
| Common Stock, par value $0.0001 per share | | | | | | | | 5,560,000 | D | |

**Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned (e.g., puts, calls, warrants, options, convertible securities)**

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (Month/Day/Year) | 3A. Deemed Execution Date, if any (Month/Day/Year) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | 6. Date Exercisable and Expiration Date (Month/Day/Year) | | 7. Title and Amount of Securities Underlying Derivative Security (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |
| Guaranteed Exchangeable Note (Initial Issue)[2] | $7.51[3] | 09/15/2023 | | P | | $1,474,031.76 | | (4) | 03/30/2024[5] | Common Stock | 196,276 | $1,474,031.76 | $1,474,031.76 | I | By LLC[6] |
| Guaranteed Exchangeable Note (Second Issue)[2] | $6.69[7] | 09/15/2023 | | P | | $1,526,169.16 | | (4) | 03/30/2024[5] | Common Stock | 228,127 | $1,526,169.16 | $1,526,169.16 | I | By LLC[6] |
| Guaranteed Exchangeable Note (Third Issue)[2] | $6.46[8] | 09/15/2023 | | P | | $813,407.07 | | (4) | 03/30/2024[5] | Common Stock | 125,914 | $813,407.07 | $813,407.07 | I | By LLC[6] |
| Warrants (right to buy) | $11.5 | 09/15/2023 | | S | | | 1,800,320 | 09/15/2023 | 11/18/2027 | Common Stock | 1,800,320 | $0.8 | 703,442 | I | By Tiga SVH Investments Ltd.[1] |

**Explanation of Responses:**

1. Tiga SVH Investments Ltd. is 100% owned by Tiga Investments Pte. Ltd., which is 100% owned by the Reporting Person.
2. These Guaranteed Exchangeable Notes (each, a "Note" and, collectively, the "Notes") are issued by Longview Grindr Holdings Limited under the terms and conditions of that certain Exchangeable Note Instrument, dated September 15, 2023.
3. The conversion price was determined by multiplying the volume weighted average price of the Issuer's Common Stock for the last five consecutive trading days (the "Spot VWAP") as of March 30, 2023, which was $6.26, by 120%. If at any time the Spot VWAP is less than or equal to 80% of the then effective Spot VWAP for five consecutive trading days, the Spot VWAP for the purposes of determining the conversion price will be automatically adjusted downwards to the Spot VWAP calculated as of the fifth such consecutive trading day.
4. Each note may be converted when the underlying shares of the Issuer's Common Stock may be transferred without restriction or encumbrances and are freely tradeable.
5. The Note matures on March 30, 2024.
6. The Note is held by Big Timber Holdings, LLC, a Nevis limited liability company ("Big Timber"). The Reporting Person is the Manager and sole member of Big Timber and exercises ultimate voting and investment power over the Note and any shares of the Issuer's Common Stock that may be acquired by Big Timber as a result of conversion of the Notes.
7. The conversion price was determined by multiplying the Spot VWAP as of June 15, 2023, which was $6.08, by 110%. If at any time the Spot VWAP is less than or equal to 80% of the then effective Spot VWAP for five consecutive trading days, the Spot VWAP for the purposes of determining the conversion price will be automatically adjusted downwards to the Spot VWAP calculated as of the fifth such consecutive trading day.
8. The conversion price was determined by multiplying the Spot VWAP as of September 15, 2023, which was $5.87, by 110%. If at any time the Spot VWAP is less than or equal to 80% of the then effective Spot VWAP for five consecutive trading days, the Spot VWAP for the purposes of determining the conversion price will be automatically adjusted downwards to the Spot VWAP calculated as of the fifth such consecutive trading day.

**Remarks:**

/s/ William Shafton, Attorney-in-fact    09/19/2023

** Signature of Reporting Person                    Date

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.

* If the form is filed by more than one reporting person, *see* Instruction 4 (b)(v).

** Intentional misstatements or omissions of facts constitute Federal Criminal Violations *See* 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, *see* Instruction 6 for procedure.

**Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.**

Exhibit D

**Summary of Transactions**

| Ref | Date | Filing | Code | Price | Shares |
|------|------------|------------------------|------|--------|-----------|
| **0001** | 2023–08–21 | 2023–08–25[20]@01 | P | 5.2200 | 30,000 |
| **0002** | 2023–08–22 | 2023–08–25[20]@02 | P | 5.4300 | 30,000 |
| **0003** | 2023–08–23 | 2023–08–25[20]@03 | P | 5.4500 | 30,000 |
| **0004** | 2023–08–24 | 2023–08–25[20]@04 | P | 5.5000 | 10,000 |
| **0005** | 2023–08–31 | 2023–09–06[75]@01 | P | 5.1700 | 30,000 |
| **0006** | 2023–09–01 | 2023–09–06[75]@02 | P | 5.1400 | 35,000 |
| **0007** | 2023–09–05 | 2023–09–06[75]@03 | P | 5.2100 | 35,000 |
| **0008** | 2023–09–15 | 2023–09–19[36]@06 | *S* | *6.3400* | 1,800,320 |

Exhibit E

## Estimate of Short-Swing Profit

| Ref | Date | Purchases Filing | Code | Price | Shares | Ref | Date | Sales Filing | Code | Price | Shares | Profit |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 0006 | 2023-09-01 | 2023-09-06[75]@02 | P | 5.1400 | 35,000 | 0008 | 2023-09-15 | 2023-09-19[36]@06 | S | 6.3400 | 35,000 | 42,000.00 |
| 0005 | 2023-08-31 | 2023-09-06[75]@01 | P | 5.1700 | 30,000 | 0008 | 2023-09-15 | 2023-09-19[36]@06 | S | 6.3400 | 30,000 | 35,100.00 |
| 0007 | 2023-09-05 | 2023-09-06[75]@03 | P | 5.2100 | 35,000 | 0008 | 2023-09-15 | 2023-09-19[36]@06 | S | 6.3400 | 35,000 | 39,550.00 |
| 0001 | 2023-08-21 | 2023-08-25[20]@01 | P | 5.2200 | 30,000 | 0008 | 2023-09-15 | 2023-09-19[36]@06 | S | 6.3400 | 30,000 | 33,600.00 |
| 0002 | 2023-08-22 | 2023-08-25[20]@02 | P | 5.4300 | 30,000 | 0008 | 2023-09-15 | 2023-09-19[36]@06 | S | 6.3400 | 30,000 | 27,300.00 |
| 0003 | 2023-08-23 | 2023-08-25[20]@03 | P | 5.4500 | 30,000 | 0008 | 2023-09-15 | 2023-09-19[36]@06 | S | 6.3400 | 30,000 | 26,700.00 |
| 0004 | 2023-08-24 | 2023-08-25[20]@04 | P | 5.5000 | 10,000 | 0008 | 2023-09-15 | 2023-09-19[36]@06 | S | 6.3400 | 10,000 | 8,400.00 |
| **Totals:** | | | | | **200,000** | | | | | | **200,000** | **$212,650.00** |

E–2